IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESNTION RECORDS, INC. a/k/a ESNTION a/k/a ESNTION SILVER a/k/a ESNTION LATINO a/k/a FOREVER SOUL, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-2027-L** |
| JONESTM, INC. a/k/a JONES TM, a/k/a or f/k/a TM CENTURY, INC., a/k/a or f/k/a TM CENTURY; and JONES INTERNATIONAL, LTD., | § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Jones International, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2), filed January 7, 2008. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Defendant Jones International, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2).

## **I. Factual and Procedural Background**

Plaintiff EsNtion Records, Inc. ("Plaintiff" or "EsNtion") filed its Original Complaint on December 4, 2007, alleging claims of copyright infringement, unfair competition, and trademark infringement. Plaintiff seeks the imposition of a constructive trust upon illegal profits, an accurate accounting of profits received by Defendants from their alleged unlawful use of its copyrighted material, a preliminary injunction, the seizure and return of all copyrighted articles, and payment of its attorney's fees.

**Memorandum Opinion and Order- Page 1**

EsNtion alleges that it is the owner and distributor of music and video recordings that Defendant JonesTM, Inc. ("JonesTM") acquired, sold, and made available to its membership without license or authorization. Compl. ¶¶ 7, 10, 12-13. Plaintiff further contends that this infringement continues despite multiple demands on JonesTM to cease its unlawful activity. *Id.* ¶¶ 10-12. Plaintiff also alleges that Defendant Jones International, Ltd. ("Jones International") (collectively with JonesTM, "Defendants") is liable for the actions of JonesTM because it is the alter ego of JonesTM or because the two entities operate as a single business enterprise. *Id.* ¶¶ 8, 10-13; Pl.'s Resp. ¶ 1. On these grounds, EsNtion seeks to recover damages from Defendants for unauthorized use and distribution of its music and video recordings. Compl. ¶ 19.

EsNtion seeks to attribute JonesTM's actions and contacts in Texas to Jones International for the purpose of establishing personal jurisdiction. *Id.* ¶ 8; Pl.'s Resp. ¶ 1. Plaintiff acknowledges that Jones International is not incorporated in the State of Texas and that it maintains its headquarters and agent for service of process in the State of Colorado. Compl. ¶ 6. JonesTM, on the other hand, is incorporated in the State of Delaware and maintains its headquarters or principal place of business in the State of Texas. *Id.* ¶ 5.

Jones International has moved to dismiss Plaintiff's claims against it on the grounds that the court cannot exercise general or specific personal jurisdiction over it. Jones International also contends that it is not the alter ego of JonesTM and that Defendants are not engaged in a single business enterprise that would permit the court to attribute JonesTM's contacts in Texas to Jones International for the purpose of establishing jurisdiction. For these reasons, Jones International moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In addition, Jones International asks the court to deny EsNtion's request for

jurisdictional discovery on the grounds that further discovery is neither necessary nor warranted by the evidence.

## II. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal

due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2)

the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp.2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id*. (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

## III. Analysis

Jones International moves to dismiss EsNtion's claims against it on the grounds that the court does not have general or specific personal jurisdiction over it. EsNtion responds that the court may exercise general personal jurisdiction over Jones International through JonesTM's Texas contacts because the two corporations are alter egos or because they are a single business enterprise. Plaintiff alleges that Jones International exercises the requisite degree of control over JonesTM to satisfy the alter ego or single business enterprise theory, while Jones International maintains that Defendants have a normal parent-subsidiary relationship. In the alternative, EsNtion asks the court to permit jurisdictional discovery. Jones International objects to this request because the available evidence does not suggest the need for additional discovery or indicate that further discovery would likely establish personal jurisdiction.

A. **Minimum Contacts**

Jones International argues that the court may not exercise general or specific personal jurisdiction over it because it is a Colorado company that does not have contacts sufficient with Texas. Jones International does not dispute that JonesTM is its subsidiary, but argues that it does not control or unduly influence JonesTM such that JonesTM's contacts in Texas are attributable to it under the alter ego or single business enterprise theory. Jones International has filed two declarations of Lorri Ellis, a Senior Paralegal and Corporate Secretary for Jones International, in support of its motion.[*] Ms. Ellis states that Jones International does not have offices, telephone listings, employees, bank accounts, business licenses, or an employed registered agent for service of process in Texas. Ellis Decl. I ¶¶ 1-2, 4-5, 7-8, Def.'s App. 5-6. She also declares that Jones International does not specifically direct its website to Texas residents or extend its reach beyond normal parent-subsidiary corporate boundaries. *Id*. ¶¶ 9-10.

EsNtion responds that Jones International exerts the requisite degree of control over JonesTM for the court to attribute JonesTM's Texas contacts to Jones International using the alter ego or single business enterprise theory. EsNtion points to website printouts and other facts to support its arguments. Specifically, Plaintiff argues that advertisements for positions at JonesTM on www.jones.com, the provision of legal services and counsel to JonesTM by Jones International, and the duplication of board members between Jones International and JonesTM demonstrate control of the subsidiary by the parent. Pl.'s Resp. ¶¶ 7-9, 12-13.

As a general rule, "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-

---

[*]Jones International submitted a declaration dated January 4, 2008 with its motion (hereinafter, "Ellis Decl. I"). A second declaration dated March 14, 2008 was filed with its reply (hereinafter, "Ellis Decl. II").

subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). In some circumstances, the court may exercise personal jurisdiction over a foreign parent corporation if the nonresident entity qualifies as the alter ego of the forum-based corporation or if the two corporations operate as a single business entity. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004); *Hargrave*, 710 F.2d at 1159-60; *Berry v. Lee*, 428 F. Supp. 2d 546, 553-54 (N.D. Tex. 2006).

### 1. Alter Ego

In this circuit, the court should consider various factors when determining whether an alter ego relationship exists: (1) common stock ownership; (2) common directors or officers; (3) common business departments; (4) consolidated financial statements or tax returns; (5) one corporation finances the other; (6) one corporation caused the incorporation of the other; (7) one corporation operates with grossly inadequate capital; (8) one corporation pays the salaries and other expenses of the other; (9) one corporation receives no business except that given to it by the other; (10) one corporation uses the other's property as its own; (11) the daily operations of the two corporations are not kept separate; and (12) one corporation does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings. *See Gundle Lining Constr. Corp. v. Adams Co. Asphalt, Inc.*, 85 F.3d 201, 208 (5th Cir. 1996). In *Freudensprung*, the court of appeals affirmed the district court's decision to dismiss for lack of personal jurisdiction on the grounds that the foreign parent corporation did not control the subsidiary's day-to-day operations, share the same place of business, or otherwise reach beyond the formal corporate structure. *Freudensprung*, 379 F.3d at 346-47.

As in *Freudensprung*, Jones International, the foreign parent, does not reach into the affairs of its subsidiary, Jones TM. Ellis Decl. I ¶ 10, Def.'s App. 6. Jones International keeps separate bank accounts, business departments, and offices from Jones TM. *Id.* The court in *Freudensprung* further held that "various [website] printouts" alleging control of the subsidiary by the parent indicated only that the parent and subsidiary shared a normal corporate relationship and were "insufficient to overcome the presumption of corporate separateness." *Freudensprung*, 379 F.3d at 346-47. The printouts, which included Securities and Exchange Commission ("SEC") filings, merely documented the party's relationship, but did not discuss its exact nature, let alone present enough evidence to indicate a strong degree of interconnectedness. *Id.* Like the online printouts in *Freudensprung*, which did not establish alter ego, the website exhibits introduced by Plaintiff, which include job vacancies and demonstrate common departments and offices, do not suggest that Defendants share more than a normal parent-subsidiary corporate relationship. *Id.*

Furthermore, the existence of common corporate officers does not automatically demonstrate that Jones International is the alter ego of JonesTM. *See Walker v. Newgent*, 583 F.2d 163, 167 (5th Cir. 1978), *cert. denied*, 441 U.S. 906 (1979). In *Walker*, the court noted that "[a] subsidiary corporation will not be regarded as the alter ego of its parent because of stock ownership, [or] a duplication of some or all of the directors or officers." *Id.* at 167 (quoting *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571, 573 (Tex. 1975)). In *Gentry*, the court held that the parent was the alter ego of its subsidiary due to the parent's control and influence over the affairs of the subsidiary, not because the two entities shared corporate officers. *Gentry*, 528 S.W.2d at 575. Even though Defendants share five corporate officers, this duplication, without more, does not indicate or suggest that "management and operations are assimilated to the extent that the subsidiary is simply a name

or conduit through which the parent conducts its business." *Id*. at 573. As the court in *Hargrave* stated "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego between two corporations." *Hargrave*, 710 F.2d at 1160. The existence of shared corporate officers merely reveals Defendants' normal parent-subsidiary relationship and does not imply the kind intimate connection necessary for this court to find a relationship so close that the court may attribute JonesTM's Texas contacts to Jones International. *See id*.

In its response, Plaintiff argues that the alter ego standard requires that the court use a different application for jurisdictional purposes than for liability. *See El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V.*, 82 S.W.3d 622, 634 (Tex. App.– Corpus Christi 2002, pet. dism'd w.o.j.). In that case, in determining whether contacts are attributable for jurisdictional purposes, the court held that the parent is the alter ego of the subsidiary if the subsidiary is entirely subservient to the parent corporation. *Id*. at 636. Commenting on this difference, the court in *Hargrave* noted that the standard for jurisdiction is "less stringent" than the standard used to impute liability. *Hargrave*, 710 F.2d at 1161. For example, in *Berry*, the court denied the defendant's motion to dismiss for lack of personal jurisdiction because by setting the price of the subsidiary's manufactured products, the defendant reached beyond formal corporate boundaries and truly constituted an alter ego. *Berry*, 428 F. Supp. 2d at 556. Despite the use of "a less stringent standard," the court applied the *Hargrave* factors to evaluate the plaintiff's alter ego claim. *Id*. at 554-56 (citing *Hargrave*, 710 F.2d at 1161). Unlike *Berry*, where the parent defendant actively controlled the sale price of its subsidiary's products, Plaintiff has not alleged or presented any evidence of similar control or influence by Jones International. 428 F. Supp. 2d at 556. Ms. Ellis's declaration indicates that Defendants maintain separate business departments and offices as well as

adhere to corporate formalities and boundaries. Ellis Decl. I ¶ 10, Def.'s App. 6. Even though Plaintiff points to several website printouts to suggest the existence of an alter ego corporate relationship between Defendants, this material does not include evidence that refutes Ms. Ellis's declaration. Accordingly, after considering the twelve factors set forth in *Gundle Lining* and the totality of the circumstances, the court determines that Jones International and Jones TM are not alter egos.

### 2. Single Business Enterprise

The analysis to demonstrate the existence of a single business enterprise closely resembles that of alter ego. *Berry*, 428 F. Supp. 2d at 554. The court may consider:

> (1) common employees, (2) common offices, (3) centralized accounting, (4) payment of wages by one corporation to another corporations employees, (5) common business name, (6) services rendered by the employees of one corporation on behalf of another corporation, (7) undocumented transfers of funds between corporations, and (8) unclear allocation of profits and losses between corporations.

*El Puerto de Liverpool*, 82 S.W.3d at 637.

In *El Puerto de Liverpool*, the court attributed jurisdictional contacts to the nonresident entity using the single business enterprise theory. *Id*. The court determined that the parent and subsidiary shared employees and offices as well as used "a centralized accounting system" and characterized the operation as "a single merchandising business." *Id*.

This case is different in important respects. Jones International and JonesTM do not share offices. Ellis Decl. II ¶ 7, Def.'s Reply App. 5. Jones International is located in Colorado, while JonesTM is located in Texas. Compl. ¶¶ 5-6. Defendants maintain separate books and finances. Ellis Decl. II ¶¶ 4, 6, Def.'s Reply App. 4. Defendants do not employ the same people or pay the

wages of each other's employees. *Id*. ¶¶ 6-7. Furthermore, unlike in *El Puerto de Liverpool*, Defendants do not maintain "extensive overlapping of the members of the boards" as less than half of JonesTM's board members occupy a similar position for Jones International. *El Puerto de Liverpool*, 82 S.W.3d at 637; Ellis Decl. II ¶ 5. For these reasons, the court determines that Defendants do not operate as a single business enterprise.

The court will not attribute JonesTM's contacts in Texas to Jones International for the purposes of establishing personal jurisdiction under a theory that Defendants are alter egos or operate as a single business enterprise. Plaintiff, in its response, does not refute Jones International's argument that the court lacks general and specific jurisdiction of it independently. The court therefore finds that it lacks personal jurisdiction over Jones International independently or through the contacts of JonesTM. Accordingly, this court **grants** Defendant Jones International, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2).

### B. Jurisdictional Discovery

EsNtion requests in the alternative that the court allow jurisdictional discovery. Plaintiff contends that additional jurisdictional discovery is warranted based on its initial findings regarding Defendants' corporate relationship. Jones International argues that the available evidence does not suggest the need for additional discovery or indicate that such discovery would likely establish personal jurisdiction.

For a court to grant jurisdictional discovery, a plaintiff must make "a preliminary showing of jurisdiction" pertaining to the nonresident parent corporation. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003)). Jones International has presented Ms. Ellis's declarations that address many

**Memorandum Opinion and Order- Page 11**

of the *Hargrave* factors. Plaintiff had an opportunity to present evidence to controvert these statements, but it has failed to do so. EsNtion does not specify what evidence it believes discovery would produce to support personal jurisdiction over Jones International. Rather than demonstrate what evidence it expected to discover, EsNtion merely restates the standard that a court applies when it determines that jurisdictional discovery is warranted. The court does not believe that additional discovery is warranted because Plaintiff has not made "a preliminary showing of jurisdiction." *Id*. Accordingly, the court **denies** Plaintiff's request for jurisdictional discovery.

## IV. Conclusion

For the foregoing reasons, the court determines that Defendant Jones International, Ltd. does not have sufficient contacts with the State of Texas. Accordingly, the court **grants** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2), and **dismisses without prejudice** this action against Defendant Jones International, Ltd.

**It is so ordered** this 16th day of June, 2008.

Sam A. Lindsay
United States District Judge