IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESNTION RECORDS, INC.** a/k/a **ESNTION** a/k/a **ESNTION SILVER** a/k/a **ESNTION LATINO** a/k/a **FOREVER SOUL**, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **07-CV-2027-L** |
| **JONESTM, INC.** a/k/a **JONES TM**, a/k/a or f/k/a **TM CENTURY, INC.**, a/k/a or f/k/a **TM CENTURY**, | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Leave to File First Amended Complaint, filed January 5, 2009. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Plaintiff's Motion for Leave to File First Amended Complaint.

**I.    Factual and Procedural Background**

Plaintiff EsNtion Records, Inc. ("Plaintiff" or "EsNtion") filed its Original Complaint on December 4, 2007, alleging claims of copyright infringement, unfair competition, and trademark infringement. Plaintiff seeks the imposition of a constructive trust upon illegal profits, an accurate accounting of profits received by Defendant from its alleged unlawful use of its copyrighted material, a preliminary injunction, the seizure and return of all copyrighted articles, and payment of its attorney's fees.

**Memorandum Opinion and Order- Page 1**

EsNtion alleges that it is the owner and distributor of music and video recordings that Defendant JonesTM, Inc. ("Defendant" or "JonesTM") acquired, sold, and made available to its membership without license or authorization. Plaintiff further contends that this infringement continues despite multiple demands on JonesTM to cease its unlawful activity.

Plaintiff now seeks leave to file its First Amended Complaint. It seeks to remove its claim that relates to its video recordings and add claims for vicarious copyright infringement, contributory copyright infringement, and copyright infringement of two additional recordings. It contends that these proposed changes are made based upon facts learned during discovery.

## II.     Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that, other than in circumstances that do not apply here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although this rule

> evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands*, 138 F.3d 602, 608 (5th Cir. 1998). To determine if a proposed claim is futile, the court considers whether it "would fail to state a claim upon which relief can be granted" under the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

**III.     Analysis**

    **A.     Parties' Contentions**

Plaintiff argues that under the standard set forth by Rule 15(a) of the Federal Rules of Civil Procedure, leave should be granted for it to amend its complaint. It contends that it conferred with Defendant, but that Defendant failed to produce evidence that dissuaded it from its good faith belief that it distributed copyrighted recordings to other entities.

Defendant responds that the court should not grant Plaintiff leave to amend because the claims it seeks to add are barred by the statute of limitations or fail to state a claim upon which relief can be granted. It argues that the two songs Plaintiff seeks to add to its complaint last appeared on HitDisc on April 16, 2004, and April 1, 2005, and are therefore barred by the three-year statute of limitations for copyright infringement claims. 17 U.S.C. § 507(b). It further argues that Plaintiff's proposed theories of vicarious or contributory copyright infringement fail because Plaintiff has not alleged any infringement by any entity other than Defendant. Even if the court finds that Plaintiff has alleged that others infringed upon Plaintiff's copyrights, Defendant argues that EsNtion fails to allege that Defendant profited by this infringement or had the right and ability to supervise these alleged infringers.

In reply, Plaintiff argues that the statute of limitations may be tolled. It also contends that it can show that Defendant distributed its music to others and therefore is liable for contributory and vicarious copyright infringement.

    **B.     Statute of Limitations**

Defendant argues that Plaintiff's addition of two songs is futile because claims based on these songs are barred by the statute of limitations. In support of its argument, Defendant attaches

**Memorandum Opinion and Order- Page 3**

evidence that show that the two songs were on certain PrimeCuts Dance compilations in dates in 2004 and 2005. Plaintiff argues that equitable tolling principles apply to copyright infringement cases.

To determine if the addition of these songs if futile, the court must determine whether these claims would state a claim upon which relief can be granted. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004).

Under Rule 12(b)(6), the court is limited to considering the pleadings. Although Plaintiff does not raise this argument, there is nothing in the proposed amended complaint that makes it evident that these claims would be barred by the statute of limitations. Defendant does not provide any basis for considering the extrinsic evidence it provides, and the court will not look beyond the pleadings in this context. Accordingly, the court finds that based upon the proposed pleading, Plaintiff's request to add two songs is not futile.

### C.     Additional Theories of Infringement

Defendant also argues that Plaintiff's proposed vicarious and contributory copyright infringement claims should not be permitted because they do not include the name of any other entity that allegedly infringed Plaintiff's copyrights. In reply, Plaintiff names certain other entities to which it claims Defendant distributed its recordings.

Plaintiff's proposed pleading does allege that Defendant distributed copyrighted recordings to other entities. Although the pleading does not specify these entities, under the liberal pleading standards of the Federal Rules of Civil Procedure, the court determines that these claims as set forth

**Memorandum Opinion and Order- Page 4**

in the proposed amended complaint are sufficient to state a claim upon which relief can be granted. Accordingly, the court determines that these additional claims are not futile, and Plaintiff is granted leave to add them.

## IV. Conclusion

For the foregoing reasons, the court **grants** Plaintiff's Motion for Leave to File First Amended Complaint. Plaintiff is directed to file its First Amended Complaint within **three business days** of this order.

**It is so ordered** this 2nd day of April, 2009.

Sam A. Lindsay
United States District Judge