IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESNTION RECORDS, INC.** | § | |
| **a/k/a ESNTION a/k/a ESNTION** | § | |
| **SILVER a/k/a ESNTION LATINO** | § | |
| **a/k/a FOREVER SOUL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2027-L** |
| | § | |
| **TRITONTM, INC. d/b/a TM STUDIOS,** | § | |
| **INC., f/k/a JONESTM, INC. a/k/a** | § | |
| **JONES TM, a/k/a or f/k/a TM CENTURY**, | § | |
| **INC., a/k/a or f/k/a TM CENTURY**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion for Summary Judgment, filed March 23, 2009; (2) Plaintiff's Countermotion for Summary Judgment, filed July 20, 2009; (3) Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens, and Motion to Strike Experts Not Timely Designated, filed September 4, 2009; and (4) Plaintiff's Countermotion to Strike Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens and Motion to Strike Experts Not Timely Designated, filed September 28, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment, **denies** Plaintiff's Countermotion for Summary Judgment, **denies as moot** Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens, and Motion to Strike Experts Not Timely Designated, and **denies as moot** Plaintiff's Countermotion to Strike Defendant's Motion Seeking

to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens and Motion
to Strike Experts Not Timely Designated.

## I.    Factual and Procedural History

Plaintiff EsNtion Records Inc. a/k/a EsNtion a/k/a EsNtion Silver a/k/a EsNtion Latino a/k/a
Forever Soul ("Plaintiff" or "EsNtion") filed its Original Complaint on December 4, 2007. Plaintiff
asserted claims against Defendants JonesTM a/k/a Jones TM a/k/a or f/k/a TM Century, Inc. a/k/a
or f/k/a TM Century and Jones International, Ltd. ("Defendant" or "TM") for copyright
infringement, unfair competition, and trademark infringement. Plaintiff seeks imposition of a
constructive trust, an accounting, and injunctive relief. On June 16, 2008, the court dismissed the
claims against Jones International Ltd. for lack of personal jurisdiction. Plaintiff was granted leave
to amend, and it filed its First Amended Complaint on April 7, 2009. After a corporate name
change, Defendant is now TritonTM, Inc., and Plaintiff asserts the following claims against it:
copyright infringement, contributory copyright infringement, vicarious copyright infringement,
unfair competition, and trademark infringement.

Plaintiff EsNtion is an independent record label based in Chicago, Illinois. It releases music
recordings under the brand labels EsNtion, EsNtion Latino, EsNtion Silver, and Forever Soul.
Defendant TM is not a record label but is in the business of programming music for radio stations.
It does not sell or release songs; it sells subscriptions to radio stations and DJ's. It sells a weekly
subscription called "HitDisc." HitDisc subscribers receive one or more compact discs (CDs) each
week with songs in a particular genre or multiple genres. Subscribers use this music to update their
playlists.

The parties strongly disagree as to the facts of this case. Plaintiff contends Defendant included several of its copyrighted songs on HitDisc without permission and resold its CDs. It alleges that the distribution of its songs by Defendant disrupted its promotional plans and ultimately hurt the sale of its music. Defendant contends that it received the songs at issue from Plaintiff, one of its recording artists, or a promotional company working for it. TM states that it does not sell songs but only provides a subscription service, and that any compilation CDs that are sold are sold by third parties who are only allowed to sell to music industry professionals for broadcast use. Defendant argues that inclusion on its CDs provides a promotional benefit for the chosen songs. The court will examine the disputed facts and the evidence presented by the parties as necessary to resolve the legal issues raised by the parties.

## II.    Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.    Analysis

Defendant moves to dismiss all of Plaintiff's claims against it.  With respect to the copyright infringement claim, TM argues that it did not distribute 211 of the 235 songs at issue, that many of the songs are not registered with the U.S. Copyright Office, that Plaintiff was not the owner or exclusive licensee of many of the songs at the time of the alleged infringement, that Plaintiff has no recoverable damages, and that it is entitled to attorney's fees on this claim.  TM moves to dismiss the Digital Millennium Copyright Act ("DMCA") claim, arguing that EsNtion has no evidence on several of the elements of the claim and that there is no evidence that Defendant received or removed any automated copyright information.  Defendant argues that Plaintiff's trademark infringement claim also fails because it has no standing to assert a Lanham Act claim, that there is no evidence of unfair competition, that the claim fails in light of Defendant's "fair use" defense, that there is no evidence to support a false advertising claim, that Plaintiff has not complied with certain notice provisions, that there is no evidence of Plaintiff's losses, and that EsNtion is not entitled to an accounting.  Finally, it moves to dismiss Plaintiff's common law unfair competition claim, contending that it is preempted by the Copyright Act and should be dismissed for the same reasons as the trademark infringement claim.

In response, Plaintiff argues that its claims should survive summary judgment.  It argues that Defendant has mischaracterized its copyright claim, that most of the songs are registered with the U. S. Copyright Office, and that it has sufficient evidence of its damages.  EsNtion further argues that Defendant is not entitled to summary judgment on its trademark, DMCA, or unfair competition claims, and that TM's "fair use" defense fails.  Although titled a countermotion for summary judgment, Plaintiff's brief is a response to Defendant's motion.  Because Plaintiff does not move for

summary judgment in its favor, the court **denies** its Countermotion for Summary Judgment. The court now considers Defendant's motion, and Plaintiff's response, with respect to each claim.

### A.      Copyright Claim

EsNtion alleges claims of copyright infringement, contributory copyright infringement, and vicarious copyright infringement. It alleges that Defendant has copied, reproduced, distributed, and sold certain copyrighted songs without authorization or license.

Defendant raises several defenses to these claims. It argues that although 235 songs are included in the live pleading, it did not distribute 211 of them. It also argues that many of the songs are not registered with the U.S. Copyright Office and that Plaintiff did not own or hold the exclusive license for the songs at the time of the alleged infringement. TM contends that Plaintiff has not been damaged and seeks its attorney's fees in defending these copyright claims.

To establish a claim for copyright infringement, a plaintiff must prove that: (1) it owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original. *Positive Black Talk Inc. v. Cash Money Records Inc.,* 394 F.3d 357, 367 (5th Cir. 2004) (citing *General Universal Sys. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004)). With respect to the first element, "[c]opyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Eng'g Dynamics v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994). To establish the second element, a plaintiff must prove: (1) factual copying and (2) substantial similarity. *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 576 (5th Cir. 2003).

### 1.    Defendant's Distribution of the Copyrighted Recordings

Defendant argues that although Plaintiff lists 235 allegedly copyrighted songs in its complaint, TM only included twenty-four of the songs on any of its CDs. In support of this argument, Defendant has provided the affidavit of its former president, David Graupner, who lists the twenty-four songs that appeared on one of TM's HitDisc products, including PrimeCuts, PrimeCuts Dance, or PrimeCuts Latin. In response, Plaintiff states that Defendant copied and distributed only twenty-two of its songs. Plaintiff, however, does not state which of the 235 songs it concedes were copied or distributed by Defendant. The Graupner affidavit lists the twenty-four songs that appeared on any of TM's CDs. Without more evidence, the court does not know to what the discrepancy between the parties' numbers is attributable, but it determines that the summary judgment evidence establishes that Defendant only distributed twenty-four of Plaintiff's songs. Summary judgment on the other 211 songs listed in the exhibit to Plaintiff's complaint is therefore warranted because there is no evidence that Defendant ever copied these recordings.

### 2.    Copyright Registration

Next, Defendant argues that many of the remaining twenty-four songs are not registered with the U.S. Copyright Office and that, for eight of these songs, Plaintiff only pleaded that they have pending copyright registrations. In addition, it contends that for another song, "Fuego [Radio Edit]," Plaintiff only pleaded that the words and music were copyrighted but does not allege that the sound recording for that song was ever registered.

Plaintiff responds that it filed applications with the Copyright Office for the songs. It states that it resubmitted certain applications recently and that the Copyright Office registered some of the

applications recently. It also contends that it filed a copyright registration for "Fuego [Radio Edit]" and thus this court has jurisdiction over its claims.

In this circuit, to satisfy the jurisdictional requirements for a copyright action, "the Copyright Office [must] actually receive the application, deposit, and fee before a plaintiff files an infringement action." *Positive Black Talk*, 394 F.3d at 365. If a jurisdictional defect exists, however, a plaintiff may cure it with a supplemental pleading. *Id.* at 366. Even if a plaintiff does not amend its complaint, if the jurisdictional defect is cured, the court may disregard it. *Id.* at 367.

The court has reviewed the evidence submitted by Plaintiff in response to this argument by Defendant.[1] With respect to the songs at issue, Plaintiff has submitted e-mail messages from the Copyright Office sent in May 2009 stating that "registration claims" had been submitted for these songs. The e-mails state, however, that "The effective date of the registration is established when the application, fee AND the material being registered have been received." Pl.'s App. 19, 22, 23, 24 (original emphasis). Plaintiff does not provide any evidence that the effective date was established by submitting the fee and the material being registered to the Copyright Office. Accordingly, the court determines that without this evidence, it does not have subject matter jurisdiction with respect to claims involving the songs "Fuego," "Muevelo [Home Cooked House Remix]," "Digital Lover [Tri Lambda Club Mix]," "Highest Mountains [Original Club Mix]," "Day to Day [Josh Harris Radio Edit]," "Day to Day [Josh Harris Club Mix]," "I'll Be Your Freak," and

---

[1]Plaintiff's brief cites repeatedly to "App. at 7-35," which includes various copyright registrations and e-mails purportedly from the Copyright Office. The exhibit includes references to many more than the eight songs at issue with respect to this argument. Accordingly, Plaintiff's brief in this section, and in many other sections, does not comply with Local Rule 56.5(c). Plaintiff's brief also does not comply with court's scheduling order, which provides: "*When submitting materials on dispositive motions, the parties are instructed not to unduly burden the record, and shall submit only that evidence which is actually relevant to supporting or opposing the dispositive motions of the parties. For example, do not submit the entire deposition of a witness; submit only those pages that are necessary to identify the deponent's connection to the case and establish the point a party desires to make*." Scheduling Order (Aug. 29, 2008) ¶ 3 (original emphasis).

"Jam Sessions."[2]  Although this is a jurisdictional defect that can be cured, the court determines that Plaintiff has failed to carry its burden and present evidence that subject matter jurisdiction exists for these songs.  Accordingly, the court **dismisses without prejudice** Plaintiff's copyright claims based upon the songs "Fuego," "Muevelo [Home Cooked House Remix]," "Digital Lover [Tri Lambda Club Mix]," "Highest Mountains [Original Club Mix]," "Day to Day [Josh Harris Radio Edit]," "Day to Day [Josh Harris Club Mix]," "I'll Be Your Freak," and "Jam Sessions."  Even if the court allowed Plaintiff to present evidence demonstrating that the appropriate copyright fees had been paid and that the songs had been submitted to the U.S. Copyright Office to establish subject matter jurisdiction, it would dismiss these claims because there is no evidence of any damages to Plaintiff for any alleged copyright infringement.

### 3.    Plaintiff's Ownership of the Copyrighted Recordings

Defendant also argues that there is no evidence that Plaintiff owned or held an exclusive license to many of the Copyrighted Recordings at the time of the alleged infringement.  Specifically, Defendant contends that Plaintiff did not own the rights to "Drums in the Club," "Future [SBK Remix]," "Se Se Que," "El Corillo," "Power," "Digital Lover," "Dreamland Express," or "Highest Mountains" at time of the alleged infringement.  For some of these songs, Defendant argues that despite having copyright registrations for the songs, there is no evidence that there is a written agreement transferring the license from the author to EsNtion.  Defendant contends that any oral license agreement is invalid pursuant to section 204(a) of the Copyright Act.

---

[2]In its motion for summary judgment, Defendant also argues that there is no evidence that the song "Day to Day [Club Tribal Mix (Lyrics!)]" has been registered with the U.S. Copyright Office.  Defendant does not include this song in its reply, and it is not listed on Exhibit A to Plaintiff's First Amended Complaint.  Accordingly, the court makes its finding with respect to the eight songs listed above.

Plaintiff responds that Defendant relies on misstatements made in its interrogatory responses by its President Bill McCormick, that the copyright registrations are correct, and that it has supplemented its interrogatory responses. Plaintiff also makes an argument regarding the Bates labeling of certain documents, but the court does not comprehend how document production issues should have any substantive effect on whether Plaintiff owned the recordings at issue. Plaintiff also includes in its brief a table that it states contains "the correct license and infringement dates." Pl.'s Resp. 26. Plaintiff concedes that its inclusion of "Drums in the Club" was "purely a mistake" and does not "object to removing this song." *Id.* at 27.

Defendant relies on the interrogatory responses provided by Plaintiff before this motion was filed. Defendant attaches Plaintiff's Second Amended Responses to JonesTM, Inc.'s First Set of Interrogatories, which were served on October 24, 2008, verified by McCormick, and notarized. Defendant asked Plaintiff to provide "the Date(s) that the copyright of each Song was assigned to You," and the responses are set forth in a chart for each song listed in the exhibit to the complaint. TM argues that it is entitled to rely upon Plaintiff's interrogatory responses pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and that EsNtion cannot create a fact issue by attempting to amend its interrogatory response.

Plaintiff, in support of its response to this argument, cites three sections of its appendix: pages 7 through 35, which include copyright registrations and e-mail messages purportedly sent from the Copyright Office relating to all of the songs included in the complaint; pages 36 through 205, which include numerous contracts, license agreements, and nondisclosure agreements with various artists and producers relating to all of the songs included in the complaint; and pages 803 through 809, its Supplemental Response to JonesTM, Inc.'s First Set of Interrogatories, which was

served on July 20, 2009, the same day Plaintiff responded to the motion for summary judgment. No specific page citations to the appendix are included in the brief, despite Plaintiff's citation of more than two hundred pages that contain evidence relating to much more than the eight songs at issue. The court is under no "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006).

Although the court does not have a duty to search for evidence to support Plaintiff's response, the supplemental interrogatories were filed before discovery closed. There is evidence of licensing agreements that support the license dates set forth in the supplemental interrogatories with respect to the songs "Se Se Que," "El Corillo," "Future," "Digital Lover," and "Highest Mountains." Plaintiff apparently concedes Defendant's argument with respect to "Power" and "Dreamland Express," which are not included in its brief or the supplemental interrogatory response. Accordingly, the court determines that there is some evidence of written licensing agreements for certain songs before the date of alleged infringement. Summary judgment is appropriate, however, with respect to Plaintiff's copyright infringement claims relating to "Drums in the Club," "Power," and "Dreamland Express." The court notes that while it has found that Plaintiff has just carried its burden with respect to this argument, it has wasted the court's scarce judicial resources and unnecessarily extended this litigation by providing incorrect interrogatory answers to Defendant and by failing to comply with the Local Rules and the scheduling order in its brief and appendix.

### 4.    Damages

Defendant argues that Plaintiff is not entitled to statutory damages or attorney's fees as a matter of law for any infringement that allegedly occurred before the work was copyrighted, that

Plaintiff's president has admitted that there is no evidence of actual damages, that there was no loss to Plaintiff, and that there is no evidence of Defendant's profits. Plaintiff responds that it has proved its damages "as a matter of law."

### a.    Statutory Damages and Attorney's Fees

Defendant states that as a matter of law, Plaintiff is not entitled to statutory damages or attorney's fees because none of the songs that were allegedly distributed by TM was registered with the Copyright Office at the time of the alleged infringement. The statute provides:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. Defendant contends that all of the alleged infringement occurred before any of the works were registered because, except for the songs "Se Se Que" and "El Corillo," the latest date of infringement was March 9, 2007, and the songs had a copyright effective date of May 5, 2007. With respect to "Se Se Que" and "El Corillo," Plaintiff alleges that the infringement occurred on March 25, 2005, and April 14, 2006, respectively, and the effective date of the copyrights for these songs is February 16, 2007.

Plaintiff does not directly respond to this argument but states the conclusion that it is entitled to statutory damages pursuant to 17 U.S.C. § 1203(B) and § 504(c), and it cites the same pages of its appendix that it cited in support of the previous argument, as well as "Exhibit P," which is not included in Plaintiff's appendix. The court determines that Defendant has shown that all of the alleged infringement occurred before the effective date of the copyrights at issue and that Plaintiff has not provided any evidence to show that the alleged infringement occurred within three months

after the first publication of the work.  Accordingly, the court determines that Plaintiff is not entitled to statutory damages or attorney's fees.

### b.  Actual Damages

Defendant next argues that Plaintiff is not entitled to an award of actual damages because it has no evidence of such damages.  It contends that Plaintiff did not suffer any loss because of its infringement and that EsNtion has no evidence of profits to Defendant.  Plaintiff contends that there is evidence of its actual damages and that it may elect to choose between statutory and actual damages at any time until trial.

TM argues first that there is no evidence that Plaintiff was actually damaged because McCormick, EsNtion's president, testified that he was unaware of any specific damages caused by the inclusion of any of its songs on TM's CDs.  Defendant cites a lengthy portion of McCormick's deposition, wherein he was asked about the specific songs alleged to have been infringed.  For each song, he is unable to state any damages incurred by EsNtion, including any lost sales or contract opportunities.  In response, EsNtion states that McCormick cannot competently testify to damages because he is not a lawyer[3] and cites the expert reports of Dr. Jules Kamin and Mr. Thomas Leavens.

The court has carefully reviewed the evidence presented by the parties and determines that there is no evidence that Plaintiff was actually damaged by any infringement by Defendant.  McCormick's deposition testimony establishes that he cannot state any damage to EsNtion caused by TM's alleged infringement of the songs at issue.  Plaintiff's only other evidence in support of its damages claim are the expert reports of Dr. Kamin and Mr. Leavens.  Neither expert states the

---

[3]The court finds the comment that Plaintiff's president could not testify to damages incredulous.  The president of the company certainly should be able to testify as to the factual bases for some loss or damage to the company caused by Defendant's actions, and Plaintiff has indeed put forth its president as a fact witness.  Plaintiff does not identify any other fact witness to testify as to the damage caused by Defendant's actions.

opinion that TM's alleged infringement caused any damage to EsNtion. Dr. Kamin makes clear in his report and his deposition that he assumed that EsNtion would prove its allegations of infringement. Mr. Leavens's report only states that the alleged infringement "*could*" cause damage to an independent record label, not that any act by TM *actually* caused damage to EsNtion. Accordingly, the court determines that Plaintiff has failed to carry its burden and show any damage to EsNtion caused by TM's alleged infringement.

The court next considers Defendant's argument that there is no evidence that it profited from the alleged infringement. TM argues that it does not sell songs or CDs and at best it has indirectly profited from the sale of its subscription service. It further argues that the burden is on Plaintiff to show a nexus between the alleged infringement and any indirect profits. TM states that its revenues did not increase as a result of the use of any of the songs at issue and that none of its customers subscribed to its service specifically to obtain EsNtion's songs.

Plaintiff responds that Defendant's president described its subscription service as "products" and that it sells music through its distributor Rotations. Plaintiff states that it has subpoenaed several of Defendant's distributors but that it "should have more information once the subpoenaed documents are returned on July 30, 2009." Plaintiff also cites the entire exhibit that is excerpts of Graupner's deposition in support of its response. Without citing any specific evidence, EsNtion also contends that there is a list of Defendant's customers with a dollar figure for each sale.

The court is under no obligation to comb the record to find support for Plaintiff's response, and EsNtion did not seek to supplement its summary judgment response after July 30, 2009. Accordingly, the only evidence cited by Plaintiff in response to this argument is 164 pages of deposition testimony from Graupner. While the court is under no obligation to scour the record, it

**Memorandum Opinion and Order – Page 14**

did review this deposition testimony and concludes that this evidence does not demonstrate that there is a genuine issue of material fact with respect to a nexus between the alleged infringement and any indirect profits of Defendant. The evidence shows that certain of Plaintiff's songs were part of Defendant's subscription service. Even if Defendant sold CDs to Rotations, there is no evidence that any of the songs at issue was on those CDs. Further, there is no evidence of indirect profits because Plaintiff identifies nothing in the summary judgment record to show that Defendant profited by including its songs. Defendant's president testified that the inclusion of Plaintiff's songs did not increase its subscriptions and that no one specifically requested that Plaintiff's songs be included in any of the subscription services. Accordingly, the court determines that there is no evidence of actual damages to Plaintiff.

Plaintiff maintains that it may defer choosing between statutory and actual damages until trial. In this case, however, the court has determined that Plaintiff is not entitled to statutory damages as a matter of law and that there is no genuine issue of material fact with respect to Plaintiff's actual damages. Because Plaintiff cannot show that any infringement caused it to suffer damages, it has failed to carry its burden and show that there is a genuine issue of material fact with respect to its copyright claims. Accordingly, summary judgment in favor of Defendant is warranted, and the court grants Defendant's motion with respect to these claims. The court therefore **dismisses with prejudice** Plaintiff's copyright infringement, contributory copyright infringement, and vicarious copyright infringement claims.

### 5.    Attorney's Fees

Finally, Defendant moves for an award of attorney's fees with respect to Plaintiff's copyright infringement claims pursuant to *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Defendant contends

that it is entitled to attorney's fees as the prevailing party, that Plaintiff's claim is "patently frivolous," that Plaintiff's conduct was objectively unreasonable, that its damages claims were baseless, that it was dilatory in responding to discovery requests, that it failed to amend its complaint to remove the songs that never appeared on TM's CDs, and that it acted in bad faith. In support of its request, Defendant has provided the affidavit of its counsel, orders from the court, and its offer of settlement to Plaintiff.

EsNtion responds that it is entitled to attorney's fees and that the award of such fees is within the discretion of the court. It states that it did not engage in unreasonable or dilatory conduct and that Defendant demanded a great deal of discovery. Plaintiff states that it required court intervention to prevent a deposition in December 2008. It also contends that Defendant also requested numerous extensions of time. EsNtion makes reference to an e-mail that was not produced and cites nearly thirty pages of deposition testimony. Finally, it argues that it made a counteroffer of settlement and that its expert reports contained damages amounts that are higher than the settlement offer made by Defendant.

The statute allowing for an award of attorney's fees in a copyright action provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In *Fogerty*, the Court held: "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." 510 U.S. at 534. In determining whether to award attorney's fees, the court should consider a nonexclusive list of factors including: "frivolousness, motivation, objective unreasonableness (both in the factual and

in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 534 n.19.

The court has determined that Defendant is the prevailing party on these copyright claims, and therefore it is entitled to move for attorney's fees pursuant to the statute and Rule 54 of the Federal Rules of Civil Procedure. In addition to evidence of Defendant's attorney's fees incurred, in its motion, Defendant should include specific evidence regarding the date that it contends Plaintiff made concessions regarding which songs were not distributed by Defendant and the amount of fees it incurred after that date defending claims based upon those songs. Because the court needs additional information before deciding whether to award attorney's fees, it defers on ruling on this issue now, and **orders** Defendant to make its request pursuant to Rule 54(d) and provide sufficient documentation and authority for its request. Defendant is **directed** to limit its attorney's fees request to services rendered for its response to Plaintiff's copyright claim. Defendant is further admonished that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

### B.    DMCA Claim

Defendant also moves to dismiss Plaintiff's claim pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a) and (b). It contends that there is no evidence that Defendant provided or distributed any false copyright information with the intent to induce, enable, facilitate, or conceal infringement, or that Defendant removed any copyright information. TM argues that it would have no incentive to remove the copyright information and instead makes such information as accurate and available as possible. It also notes that the evidence demonstrates that none of the CDs produced by Plaintiff had ISRC codes or other electronically-embedded copyright information.

**Memorandum Opinion and Order – Page 17**

Plaintiff argues that the court should deny Defendant's motion in this respect because additional discovery is needed.  It cites the McCormick deposition for the proposition that its songs have ISRC codes embedded and states that Defendant has admitted removing copyright information from its materials.

The DMCA prohibits both the provision or distribution of false copyright management information and the removal or alteration of copyright management information.  Pursuant to section (a):  "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement – (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."  17 U.S.C. § 1202(a).  Section (b) prohibits removal or alteration of copyright information:

> No person shall, without the authority of the copyright owner or the law –
>
> (1)  intentionally remove or alter any copyright management information
>
> (2)  distribute or import for distribution copyright information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>
> (3)  distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing . . . or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).

Plaintiff's argument for more discovery is without merit.  The court granted Plaintiff's motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and gave it additional time

for discovery before it filed its response to this motion.  Moreover, EsNtion fails to identify what discovery is needed to respond to this claim.

With respect to the evidence cited by Plaintiff, again, it cites huge portions of its appendix without any pinpoint citations.  Plaintiff cites a seventy-one page excerpt from McCormick's deposition, a 164-page excerpt from Graupner's deposition, twenty-four pages of David Foster's deposition, and a forty-four page excerpt from Marcus Dodd Hill's deposition.  While the court is under no duty to sift through more than three hundred pages of evidence, it has reviewed the deposition testimony and other evidence cited by Plaintiff and determines that such evidence does not support EsNtion's response.  There is no evidence that any electronic copyright information was ever included on EsNtion's promotional CDs and there is no evidence that Defendant provided false copyright information or removed or altered any copyright information for any purpose.  The evidence does show that although Defendant may have thrown away the physical CDs of songs sent to it, the information with the song, including copyright and ISRC information, was input into a database that is available to Defendant's subscribers.  Accordingly, the court determines that Plaintiff has failed to carry its burden to show that Defendant violated the DMCA.  The court therefore **dismisses with prejudice** Plaintiff's DMCA claim.

### C.    Trademark Claims

Defendant moves to dismiss both of Plaintiff's claims brought pursuant to the Lanham Act: an unfair competition claim pursuant to 15 U.S.C. § 1125(a)(1)(A) and a false advertising claim under 15 U.S.C. § 1125(a)(1)(B).  TM argues that Plaintiff cannot establish that it has standing to bring these trademark claims, that there is no evidence to support its unfair competition claim, that Defendant's affirmative defense of fair use defeats the unfair competition claim, that there is no

evidence to support its false advertising claim, that there is no evidence of injury to Plaintiff, that it cannot recover damages for its registered marks because it did not comply with the notice provisions of the statute, that there is no evidence of any loss to Plaintiff, and that it is not entitled to an accounting of Defendant's profits. Plaintiff responds that it has satisfied the standing requirements for trademark claims, that it has met its burden for its unfair competition claim, and that Defendant cannot avail itself of the fair use defense.

Defendant argues that EsNtion cannot show either constitutional or prudential standing with respect to its Lanham Act claims. The court first considers whether Plaintiff can show constitutional standing. "To meet the constitutional standing requirement, a plaintiff must show (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Proctor & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001) (citation omitted).

Defendant contends that there is no evidence of any injury to Plaintiff caused by Defendant in connection with EsNtion's Lanham Act claims. Plaintiff states that it satisfies the requirement and cites the legal standard set forth above. There is no argument or evidence to support its contention that it has constitutional standing. It does state in response to the prudential standing argument that "[e]ven if EsNtion can't [sic] show any losses, it still has standing. Defendant's profits are shown in Defendant's Exhibit E." Pl.'s Resp. 37. The court determines that with this claim, as with the copyright claims, there is simply no evidence put forth by Plaintiff to show that it was injured in any way. There is no evidence that any of Defendant's profits are attributable to its alleged infringement of EsNtion's trademarks and there is no evidence of any loss by Plaintiff.

Accordingly, the court determines that Plaintiff lacks constitutional standing for its Lanham Act claims.

Even if Plaintiff does have constitutional standing, the court also determines that Plaintiff lacks prudential standing to bring Lanham Act claims. In this circuit, the court must consider five factors to determine if a plaintiff has prudential standing under the Lanham Act: "(1) the nature of the plaintiff's alleged injury . . .; (2) the directness or indirectness of the asserted injury; (3) the proximity or remoteness of the party to the alleged injurious conduct; (4) the speculativeness of the damages claim; and (5) the risk of duplicative damages or complexity in apportioning damages." *Proctor & Gamble*, 242 F.2d at 563.

Defendant contends that these factors weigh against a finding that Plaintiff has prudential standing. Plaintiff argues that Defendant had "literally false advertising" because it used EsNtion's name without permission, causing customers to buy Defendant's products rather than Plaintiff's. It contends that Defendant sold compilation CDs to companies that would have otherwise purchased Plaintiff's products. In support of its response, Plaintiff cites nearly four hundred pages of its appendix, including the complete exhibits containing excerpts of Graupner's deposition, Dr. Kamin's expert report, and Mr. Leavens's expert report.

The court determines that Plaintiff has failed to carry its burden to show that it has prudential standing to bring Lanham Act claims. The evidence does not establish that the parties are competitors. The only evidence of sales relating to the songs at issue involve sales of Defendant's subscription services. There is no evidence that a company subscribing to Defendant's service would not therefore buy EsNtion's songs and there is no evidence that anyone subscribed to HitDisc or PrimeCuts because those services included two dozen EsNtion songs. Moreover, Plaintiff has

not shown any damages.  As with its copyright claims, the expert reports only provide a model of damages *if* the allegations of the complaint are proven.  Because there is no evidence of damages, the court determines that the factors weigh in favor of a finding that Plaintiff lacks prudential standing.  Because the court determines that Plaintiff lacks constitutional and prudential standing to assert its Lanham Act claims, the court is without subject matter jurisdiction and therefore **dismisses without prejudice** Plaintiff's trademark claims.  The court therefore does not reach Defendant's fair use defense or other grounds for summary judgment.

### D.    Common Law Claim

Finally, Defendant moves to dismiss the only remaining claim, Plaintiff's common law claim of unfair competition.  It contends that Plaintiff fails to allege any independent substantive tort of illegal conduct or, alternatively, that this claim is preempted by the Copyright Act and the Lanham Act.  Plaintiff contends that Defendant attempted to confuse consumers by using its name on its CD product and that the claim is therefore not preempted.

The court determines that Plaintiff has not alleged any independent tort in support of its unfair competition claim.  *See Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000). EsNtion states in its response that "Defendant attempted to confuse consumers by using EsNtion's name and the names of its other labels on their CD product."  Pl.'s Resp. 39.  The court finds that there is no extra element, but that this is essentially Plaintiff's claim for federal trademark infringement.  Moreover, as the court has found that there is no evidence of damages for either the copyright or trademark claims, the court determines that this unfair competition claim fails for the same reason.  There is no evidence of any damage to Plaintiff.  Accordingly, the court **dismisses with prejudice** Plaintiff's unfair competition claim.  Because the court has now dismissed all of

Plaintiff's claims with prejudice, it does not address the other grounds for summary judgment raised by Defendant's motion.

## IV.    Motion to Strike Experts

Defendant has also filed a motion to strike certain of Plaintiff's experts and to strike experts not timely designated. Plaintiff has filed a countermotion to strike Defendant's motion to strike. The court referred these motions to United States Magistrate Judge Jeff Kaplan. Because its other rulings make these issues moot, the court hereby **vacates** its September 14, 2009 order of reference, **denies as moot** Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens, and Motion to Strike Experts Not Timely Designated, and **denies as moot** Plaintiff's Countermotion to Strike Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens and Motion to Strike Experts Not Timely Designated.

## V.    Conclusion

For the reasons stated herein, the court **grants** Defendant's Motion for Summary Judgment and **denies** Plaintiff's Countermotion for Summary Judgment. The court **dismisses without prejudice** Plaintiff's copyright claims based upon the songs "Fuego," "Muevelo [Home Cooked House Remix]," "Digital Lover [Tri Lambda Club Mix]," "Highest Mountains [Original Club Mix]," "Day to Day [Josh Harris Radio Edit]," "Day to Day [Josh Harris Club Mix]," "I'll Be Your Freak," and "Jam Sessions" and Plaintiff's trademark claims for lack of subject matter jurisdiction. The court **dismisses** Plaintiff's remaining claims **with prejudice**. The court **denies as moot** Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens, and Motion to Strike Experts Not Timely Designated and **denies as moot**

Plaintiff's Countermotion to Strike Defendant's Motion Seeking to Exclude Certain Opinions of Plaintiff's Experts Jules Kamin and Thomas Leavens and Motion to Strike Experts Not Timely Designated.  As Defendant is a prevailing party, it is **ordered** to move for reasonable attorney's fees on Plaintiff's copyright claim in accordance with Rule 54(d) of the Federal Rules of Civil Procedure.

**It is so ordered** this 13th day of November, 2009.

Sam A. Lindsay
United States District Judge