IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESNTION RECORDS, INC. a/k/a ESNTION a/k/a ESNTION SILVER a/k/a ESNTION LATINO a/k/a FOREVER SOUL, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-2027-L** |
| TRITONTM, INC. d/b/a TM STUDIOS, INC., f/k/a JONESTM, INC. a/k/a JONES TM, a/k/a or f/k/a TM CENTURY, INC., a/k/a or f/k/a TM CENTURY, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion for Attorney's Fees, filed November 27, 2009; and (2) Plaintiff's and Plaintiff's Attorney's Motion for Hearing on Defendant's Motion for Attorney's Fees, filed January 19, 2010. Defendant Triton, Inc. d/b/a TM Studios, Inc. ("TM Studios") seeks attorney's fees as the prevailing party in this civil action brought by Plaintiff EsNtion Records, Inc. ("EsNtion") for copyright infringement, trademark infringement, and unfair competition. After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion for Attorney's Fees, and **denies** Plaintiff's and Plaintiff's Attorney's Motion for Hearing on Defendant's Motion for Attorney's Fees.

## I. Factual and Procedural Background

The procedural history of this case was set out in the court's November 13, 2009 memorandum opinion and order. Succinctly stated, Plaintiff, an independent record label, sued Defendant, a company that offers music programming services to radio stations, for allegedly distributing 235 copyrighted songs as part of a weekly subscription called "HitDisc." After both sides conducted discovery, Defendant moved for summary judgment as to all claims and causes of action. The court granted the motion in its entirety. In concluding that Plaintiff failed to demonstrate the existence of a material fact issue for trial, the court determined that: there was no evidence that Defendant ever copied or distributed 211 of the 235 songs identified by Plaintiff in its amended complaint; copyrights for eight songs were never registered with the U.S. Copyright Office, thereby depriving the court of subject matter jurisdiction with respect to those songs; and there was no legal basis or evidence to support an award of statutory or actual damages with respect to the remaining sixteen songs. The court also determined that Defendant was entitled to seek attorney's fees as the prevailing party on the copyright claims but deferred ruling on that issue until a formal motion was filed.

Defendant now moves for $626,993 in attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505. Of that sum, Defendant argues that $301,059 was incurred because Wendy B. Mills, counsel for Plaintiff, unreasonably and vexatiously multiplied the proceedings. Defendant therefore maintains that the excess fees should be taxed against Mills pursuant to 28 U.S.C. § 1927. The issues have been fully briefed by the parties, and the motion is ripe for determination.

II.     Analysis

The Copyright Act authorizes a district court to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Although the recovery of attorney's fees is not automatic, *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), an award of fees to the prevailing party in a copyright action is "the rule rather than the exception and should be awarded routinely." *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)); *see also Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir.), *cert. denied*, 553 U.S. 1019 (2008); *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004), *abrog. on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010). Such fees should be awarded evenhandedly to both prevailing plaintiffs and defendants. *Fogerty*, 510 U.S. at 534. Among the factors the court should consider in deciding whether to award attorney's fees to a prevailing defendant in a copyright action are "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Virgin Records*, 512 F.3d at 726 (quoting *Fogerty*, 510 U.S. at 534 n.19).

A.      Defendant's Entitlement to Attorney's Fees

The court has little difficulty concluding that Defendant should be awarded reasonable attorney's fees incurred in defending the copyright claims brought by Plaintiff. Early in the litigation, Defendant provided Plaintiff with a comprehensive record of every "HitDisc" on which an EsNtion song ever appeared, as well as a "HitDisc" distribution list. *See* Def.'s Mot. App., Blair Decl. at 1, ¶ 4. Although Plaintiff had actual knowledge that the overwhelming majority of songs

at issue in this lawsuit never appeared on "HitDisc," it continued to assert copyright claims for all 235 songs. As the litigation progressed, discovery revealed that Defendant distributed no more than two dozen EsNtion songs. *See* Doc. #44 at 2, ¶ 2. Recognizing that it may have overstated its infringement claim, Plaintiff agreed to revise its pleadings "to reflect only the songs claimed as being infringed upon." *See id.* at 1-2, ¶ 1. Plaintiff, however, continued to assert copyright claims with respect to all 235 songs. As a result, Defendant was forced to seek summary judgment as to all songs listed by Plaintiff in its amended complaint. In its summary judgment response, Plaintiff failed to adduce any evidence that Defendant copied or distributed 211 of the 235 songs. Eight other songs were never registered with the U.S. Copyright Office, thereby depriving the court of subject matter jurisdiction with respect to those songs, and Plaintiff did not present any evidence to support an award of statutory or actual damages with respect to the remaining sixteen songs.

Even at this late date, Plaintiff has failed to provide an explanation for including 211 song titles in its complaint that never appeared on "HitDisc," or for suing on songs that were never registered with the Copyright Office. Instead, Plaintiff, through its attorney, merely denies any intent to mislead or confuse Defendant. *See* Pl.'s Resp. at 19 & Pl.'s Resp. App., Mills Decl. at 5, ¶ 5. Without some justification for asserting clearly meritless copyright claims, the court finds that such claims were objectively unreasonable. Moreover, the court previously determined that Plaintiff "has wasted the court's scarce judicial resources and unnecessarily extended this litigation by providing incorrect interrogatory answers to Defendant and by failing to comply with the Local Rules and the scheduling order in its [summary judgment] brief and appendix." Mem. Op. and

Order (Nov. 13, 2009) 11.¹  Under these circumstances, the court determines that an award of attorney's fees is necessary "to advance considerations of compensation and deterrence." *Virgin Records*, 512 F.3d at 726.  *See also Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 894 (6th Cir. 2004) (prevailing defendants awarded attorney's fees where plaintiff sued hundreds of parties without regard to strength of individual claims); *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211,1229 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998) (same where plaintiff forced defendant to defend against "objectively unreasonable" claims for which there was no evidence); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (award of attorney's fees advances considerations of deterrence where defendant is forced to defend against a baseless action).

B.     **Reasonableness of Claimed Fees**

A prevailing party may recover only those fees that are reasonably expended on the litigation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993).  In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar fee" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly billing rate for each participating attorney.  *See Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995).  Once the lodestar fee is determined, it may be adjusted upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.

---

¹ One of the grounds on which Defendant sought summary judgment was that there was no evidence Plaintiff owned the copyrighted recordings. That argument was based on interrogatory answers provided by Bill McCormick, President of EsNtion, which Plaintiff belatedly admitted contained "misstatements." As part of its summary judgment response, Plaintiff amended its interrogatory answers. Although the court considered the amended interrogatory answers in ruling on Defendant's Motion for Summary Judgment, it was critical of Plaintiff's dilatory conduct as well as numerous briefing deficiencies, such as Plaintiff's failure to include specific page citations to its voluminous appendix. Mem. Op. and Order (Nov. 13, 2009) 8 n.3, 11.

**Memorandum Opinion and Order – Page 5**

1974).² *See Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.), *cert. denied*, 510 U.S. 991 (1993). While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 331.

The party seeking attorney's fees is required to document the time spent and services performed. *Hensley*, 461 U.S. at 427; *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). The court must review the records and exclude all time that is excessive, duplicative, or inadequately documented. *Hensley*, 461 U.S. at 434; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). The hours that survive this vetting process are those reasonably expended on the litigation. *Watkins*, 7 F.3d at 457. The court then must determine a reasonable hourly rate. Where counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used. *Islamic Ctr. of Mississippi, Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989); *see also Watkins*, 7 F.3d at 459 (court must articulate reasons for rejecting normal billing rate).

In support of its fee application, Defendant relies on the affidavit of Bruce C. Morris, a partner in the law firm of Beirne, Maynard & Parsons, L.L.P., who served as lead counsel for TM Studios. According to Morris, four different attorneys and one paralegal spent 2,408.9 hours on the defense of Plaintiff's copyright claims. *See* Def.'s Mot. App., Morris Decl. at 3, 5-7. Their billing

---

² The twelve factors are: (1) the time and labor required for the case; (2) the novelty and difficulty of the issues involved; (3) the skill required to litigate the case; (4) the ability of the attorney to accept other work; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances of the case; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *See Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

**Memorandum Opinion and Order – Page 6**

rates ranged from $325 per hour for Morris, who has eighteen years of experience, to $220 per hour for an associate with four years of experience. *Id.*, Morris Decl. at 3. The paralegal billed at the rate of $125 per hour. *Id.* Of the $626,993 in fees claimed by Defendant, Plaintiff objects only to $10,215 attributable to "duplicative or unnecessary" work performed in connection with an offer of judgment and "numerous items that appear to be duplicative, unverifiable, [and] redacted in such a way that it can't be discerned for what the fees were charged." Pl.'s Resp. 25-26. Significantly, Plaintiff does not identify any of these "cryptic" and "unsubstantiated" time entries; nor does Plaintiff challenge the billing rates of defense counsel. To the extent that Plaintiff argues that Defendant redacted many of the billing entries, it did not file a motion to compel or seek the court's intervention on this matter. The court concludes that Plaintiff is not serious about pursuing this aspect of its argument beyond contesting the $10,215 for certain entries. Although Plaintiff makes no real effort to contest the amount of attorney's fees beyond the $10,215, the court has an independent duty to ensure that the amount of the award is reasonable under the circumstances.

The court has carefully reviewed the time records submitted by Defendant. It has considered these records in light of Plaintiff's objections, its experience in awarding attorney's fees in similar cases, and the relevant *Johnson* factors, particularly the time and labor required. The court determines that a forty percent reduction of fees claimed by Defendant is appropriate. In view of the relatively straightforward nature of Plaintiff's copyright claims, the involvement of so many legal professionals is clearly excessive. Such overstaffing inevitably leads to a duplication of effort. *See Fisher Scientific Int'l, Inc. v. Modrovich*, 2005 WL 3348901, *9 (S.D. Tex. Dec. 8, 2005). Indeed, the billing records reflect a duplication of effort with regard to case management, factual investigation, and legal research. Although such tasks are essential in the preparation and trial of

any case, the court is not convinced that four different lawyers were required to spend 2,400 hours at a blended billing rate of $237 per hour for defending the copyright claims in *this* case. In a case that is overlitigated, it is difficult for the court to come up with a precise amount, and it is left to its sound and measured discretion, the record, and its experience in setting fees. Therefore, the court determines that the $626,993 in fees claimed by Defendant should be reduced by forty percent, or $250,797.20, for a total fee award of $376,195.80. *See Hensely*, 461 U.S. at 434 (reduction appropriate where case may have been overstaffed); *Johnson*, 488 F.2d at 717 (appropriate to discount the time of two or three lawyers when one would do). The court is convinced that a fee award of $376,195.80 reasonably compensates Defendant's counsel for services performed in successfully defending this action.

### C. Section 1927

Defendant argues that Wendy B. Mills, counsel for Plaintiff, should be required to pay $301,059 of the attorney's fees awarded by the court as a sanction under 28 U.S.C. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To impose sanctions under this statute, the court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *Vanderhoff v. Pacheco*, 2009 WL 2776607, *3 (5th Cir. Sept. 2, 2009) (citing *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002)). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* (quoting *Edwards v. General Motors Corp.*, 153 F.3d

242, 246 (5th Cir. 1998)). An attorney may not be sanctioned under section 1927 for mere negligence. *Id.* (citing *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995)). Rather, "there must be a showing of improper motive on the part of an attorney, independent of a showing that the claims pursued were baseless." *Hencinski v. Austin Commercial, L.P.*, No. 3-05-CV-2368-D, 2006 WL 325764 at *2 (N.D. Tex. Feb.13, 2006) (citing *FDIC v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994)).

Judged against these standards, Defendant has failed to make the required showing for an award of attorney's fees under section 1927 on the record as a whole. Although Plaintiff's counsel's performance is not worthy of approbation, Defendant offers no evidence of any specific conduct by Ms. Mills that unreasonably and vexatiously multiplied the proceedings. Rather, Defendant relies on the same facts that support an award of fees under the Copyright Act – that Plaintiff continued to prosecute its copyright claims with respect to 211 songs that never appeared on "HitDisc." Defendant suggests that because Mills was handling the case on a contingency fee basis, she should be held responsible for her client's pursuit of these baseless claims; the fee arrangement between Ms. Mills and her client, however, is not evidence of bad faith, improper motive, or reckless disregard of any duty owed to the court. While there is no evidence of Ms. Mill's bad faith, improper motive, bad faith, or reckless disregard of her duties to the court, the court does find that she has come perilously close to crossing the line in this case and is treading on thin ice, but it will not award sanctions against her pursuant to section 1927.

## III. Conclusion

For the foregoing reasons, the court determines that an award of attorney's fees is appropriate in this case. It determines, however, that the amount sought by Defendant is excessive and that no

sanction will be levied against Plaintiff's counsel. Accordingly, the court **grants in part** and **denies in part** Defendant's Motion for Attorney's Fees. Defendant shall recover **$376,195.80** from Plaintiff as the prevailing party in this copyright action. The court determines that a hearing is unnecessary and **denies** Plaintiff's and Plaintiff's Attorney's Motion for Hearing on Defendant's Motion for Attorney's Fees.

The court warns Ms. Mills that she is now on notice that there is no basis to further litigate this case given the court's ruling on the merits of this case and the substantial reduction of attorney's fees requested by Defendant. If she furthers this litigation by appealing the court's ruling, she runs the risk of unreasonably and vexatiously multiplying the proceedings and violating 28 U.S.C. § 1927.

As this is an opinion and order disposing of a motion for attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure, the entry of a judgment by separate document is not required. Fed. R. Civ. P. 58(a)(3). This opinion and order also serves as the judgment. Postjudgment interest shall accrue on the amount of attorney's fees awarded at the applicable federal rate from the date of entry of this opinion and order until such amount is paid in full.

**It is so ordered** this 31st day of August, 2010.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge