IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ESNTION RECORDS, INC.** § | | |
| **a/k/a ESNTION a/k/a ESNTION** § | | |
| **SILVER a/k/a ESNTION LATINO** § | | |
| **a/k/a FOREVER SOUL,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:07-CV-2027-L** | |
| § | | |
| **TRITONTM, INC. d/b/a TM STUDIOS,** § | | |
| **INC., f/k/a JONESTM, INC. a/k/a** § | | |
| **JONES TM, a/k/a or f/k/a TM CENTURY**, § | | |
| **INC., a/k/a or f/k/a TM CENTURY**, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

On August 31, 2010, the court granted in part and denied in part Defendant's Motion for Attorney's Fees. On September 1, 2010, the court's law clerk received a call from Ms. Danya Blair, counsel for Defendant TritonTM, Inc., who stated that Plaintiff EsNtion Records, Inc. declared bankruptcy in April 2010. No party notified the court of Plaintiff's bankruptcy, and the court ordered Plaintiff's counsel to show cause why she had not notified the court.

On September 16, 2010, Plaintiff's counsel, Ms. Wendy B. Mills, filed her response to the court's show cause order. Ms. Mills stated that she had not been in contact with her client since February 2010, and that she had only learned of the bankruptcy "recently." She asked the court not to sanction her, and she denied the court's allegation that she had engaged in a "disturbing pattern." Order (Sept. 7, 2010) 1. Ms. Mills also defended herself with respect to what she termed

**Memorandum Opinion and Order – Page 1**

Defendant's "alleged claim" that she misled the court about the number of songs at issue in this litigation.

Before reaching Ms. Mill's response, the court considers whether it is appropriate to vacate it August 31, 2010 memorandum opinion and order in light of Plaintiff's bankruptcy. Pursuant to the applicable statute, a bankruptcy petition

> operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The Fifth Circuit has held that actions taken after the automatic stay takes effect are voidable but not void. *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989) ("We are persuaded that . . . acts taken in violation of the automatic stay [are characterized] as voidable rather than void."); *see also In re Hipp, Inc.*, 5 F.3d 109, 114 n.12 (5th Cir. 1993). In light of this authority, the court hereby **stays** enforcement of its August 31, 2010 memorandum opinion and order. The court determines that vacatur of the order is inappropriate given the bankruptcy court's power to grant relief from the automatic stay. *Sikes*, 881 F.2d at 179-80.

The court now considers Ms. Mills's response to its order. Ms. Mills states repeatedly that she learned of her client's bankruptcy "recently," but she fails to provide specific information about **when** she learned this information. If she only learned of the bankruptcy when she received the court's order, she should have been forthcoming with the court. The court would not sanction her if she had no information about the bankruptcy, but her response, which lacks candor and specificity, creates the impression that she knew about the bankruptcy but did not inform the court.

Her response also defends her actions that were part of the conduct underlying Defendant's Motion for Attorney's Fees. In its order, the court stated that Plaintiff's counsel's failure to inform the court of the bankruptcy "reflects a disturbing pattern on counsel's part." Order (Sept. 7, 2010) 1. Ms. Mills responds:

> [I]f the Court is referring to the allegation that has been referenced by Defendant's counsel that Plaintiff misled the Court regarding an alleged claim for approximately 231 songs in this matter, Plaintiff's counsel notes that she put the Court on notice that there was no claim for 231 songs, but only approximately 31 songs in Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint and Brief in Support on February 9, 2009. Therefore, [she] denies the existence of any disturbing pattern here.

Pl.'s Resp. ¶ 7. The court stands by its statement that there is a disturbing pattern with respect to Plaintiff's counsel's behavior. As the court noted in its August 31, 2010 memorandum opinion and order, "Plaintiff's counsel's performance is not worthy of approbation." Mem. Op. and Order (Aug. 31, 2010) 9. The court came close to personally sanctioning Ms. Mills *because* she stated in writing that only thirty-one songs were at issue, informed the court that she would remove them from her pleading, and then filed an amended complaint that still included those songs. *See* Pl.'s Reply (Feb. 9, 2009) (doc. 44) 2 ("Plaintiff will agree to revise Exhibit A to reflect only the songs claimed as being infringed upon, but denies any intent to confuse anyone."). Despite her statement, she never revised the exhibit or amended her complaint to remove the additional songs, which forced Defendant to take discovery and move for summary judgment on some two hundred songs that Plaintiff admitted were not at issue.

Put frankly, Plaintiff's counsel "dodged a bullet" when the court decided not to personally sanction her. Her attitude in her response, however, has not improved. Rather than stepping up to

the plate and admitting responsibility, she refers to extraneous matters, such as her status as a solo practitioner and the length of time that Defendant's Motion for Attorney's Fees was pending. The court has grown weary of her excuses. Plaintiff's counsel, however, will not be sanctioned because she states that she did not know of her client's bankruptcy until only "recently," and the court has no means of proving otherwise.

The court does not want any response to this order, unless the parties desire to address the issue of whether a stay or vacatur of the August 31, 2010 memorandum opinion and order is appropriate. The court will not hear or entertain any more excuses from Ms. Mills. The court has been quite patient, but it does not have the patience of Job; it has heard enough! Ms. Mills does not seem to recognize her predicament, but the following aphorism should put the matter in perspective: "When you find yourself in a hole, stop digging." Further excuses or argument from Ms. Mills regarding the substantive issue of attorney's fees, or her conduct relating thereto, may lead the court to *sua sponte* reconsider its earlier decision with respect to her personal liability for attorney's fees in this case, or to impose sanctions as it deems appropriate for violation of its order.

**It is so ordered** this 17th day of September, 2010.

　　　　　　　　　　　　　　　　　　*/s/ Sam A. Lindsay*
　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　United States District Judge